United States District Court
Southern District of Texas
**ENTERED**
November 12, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PHB WESERHÜTTE S.A., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-19-2070 |
| | § | |
| VOESTALPINE TEXAS LLC, | § | |
| BILFINGER WESTCON, INC., and | § | |
| PERFORMANCE ENERGY SERVICES, | § | |
| L.L.C., | § | |
| | § | |
| Defendants.[1] | § | |

ORDER

Pending are Plaintiff PHB Weserhütte S.A.'s Motion to Confirm Arbitration Award (Document No. 1) and Motion to Strike PES's Pleadings (Document No. 12). After carefully considering the motions, responses, replies, pleadings, exhibits, and the applicable law, the Court concludes as follows.

Defendant voestalpine Texas LLC ("voestalpine") hired multiple contractors, including Plaintiff PHB Weserhütte S.A. ("PHB") and Bilfinger Tepsco Inc.--the predecessor-in-interest to Defendant Bilfinger Westcon, Inc. ("Bilfinger"), to design, manufacture, and construct components of a large industrial facility on the north shore of Corpus Christi Bay. Bilfinger, in turn, hired Defendant Performance Energy Services, L.L.C. ("PES") as a subcontractor.

---

[1] Defendant voestalpine evidently uses a stylistic name intended not to begin with a capital letter. The Court will respect this unconventional preference.

Unforeseen delays and problems with materials led to disputes among the parties about their respective obligations.

Pursuant to arbitration agreements in their contracts, the parties arbitrated their competing claims before the International Court of Arbitration of the International Chamber of Commerce ("ICC") in Houston, Texas. Shortly before the arbitral hearings began, voestalpine, Bilfinger, and PES executed a Partial Pass Through and Liquidating Agreement ("PSA") settling the claims among those three parties. The PSA provided for the assertion by voestalpine of "pass-through" claims against PHB for damages in excess of $12 million that Bilfinger and PES contend they incurred as a result of PHB's late and poor quality fabrications.[2] After eight days of hearings with 23 live witnesses, 55 witness statements, 22 expert reports, 3119 exhibits, and approximately 1,500 pages of pre-hearing and post-hearing briefs, the ICC on November 30, 2018 issued its 123-page Final Award.[3] The Final Award was for an award of $4,812,894 on voestalpine's claims against PHB, set off by awards totaling $16,377,427 on PHB's claims against voestalpine, and interest and costs.[4] The arbitrators determined that the pass-through claims contemplated in the PSA "did not comply with the ICC Rules or Tribunal's Procedural Orders,

---

[2] Document No. 8-1.

[3] Document No. 1-1 ¶¶ 10.75, 10.96.

[4] Id. ¶¶ 18.2.1, 18.3.1, 18.3.2.

2

caused severe prejudice to PHB, and were not asserted timely in this arbitration," and therefore declined to consider and determine those claims.[5]

Six months later, on June 6, 2019, PHB moved to confirm the Final Award pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9.[6] Both Bilfinger and voestalpine answered that they have no opposition to confirmation.[7] PES answered, opposing PHB's motion in part, and counterclaimed for a declaratory judgment identifying and distinguishing the claims that were and were not arbitrated in the Final Award.[8] PHB moves to strike PES's pleadings.[9]

Under the FAA, when a party applies for an order confirming an arbitration award within one year after the award, "the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C. § 9. It is undisputed that the parties agreed to arbitrate

---

[5] *E.g.*, id. ¶¶ 12.7.1, 12.10.3, 12.10.11, 12.13.1.

[6] Document No. 1.

[7] Document Nos. 10, 11.

[8] Document Nos. 7-9. PES asserts that all parties fully performed their obligations under the Final Award months before PHB moved to confirm the Final Award, from which PES infers that PHB's object in moving for confirmation is to obtain a judgment with broad language that would improperly foreclose PES from pursuing the pass-through claims in a separate arbitration proceeding.

[9] Document No. 12.

their dispute and that PHB moved for confirmation of the Final Award within one year after its issuance. Moreover, no party seeks to vacate, modify, or correct the award based on any of the grounds provided in 9 U.S.C. §§ 10 and 11. Defendants voestalpine and Bilfinger are agreeable to confirmation of the award, and PES agrees that it "has not moved to vacate, modify, or correct the Award" and that "the Award should be confirmed exactly as rendered by the Arbitral Tribunal."[10] Accordingly, the Court will confirm the Final Award.

Notwithstanding its agreement that the Final Award "should be confirmed exactly as rendered by the Arbitral Tribunal," PES asks the Court in its Answer and Response, Memorandum of Law, and Counterclaim to interpret the Final Award and clarify that the pass-through claims were excluded from the Final Award and cannot be confirmed.[11] Although PES argues that "[a]ny confirmation of the Award by this Court must make the same careful differentiation and identification of (1) the claims that were decided by the Tribunal and (2) those that were not decided by the Tribunal,"[12] PES cites no legal authority permitting, much less requiring, the Court to

---

[10] Document No. 14 at 2.

[11] PES also argues in the alternative that the award cannot be confirmed because PHB did not file all of the documents required by 9 U.S.C. § 13. Pursuant to the Court's Order entered October 10, 2019, PHB filed a supplement that cures that alleged defect in its original filing. Document No. 22.

[12] Document No. 8 at 24.

4

add its own interpretive gloss to an arbitration award that it confirms. *Cf.* Brown v. Witco Corp., 340 F.3d 209, 216 (5th Cir. 2003) ("[A] court is required to enforce an arbitration award *only* as written by the arbitrator.") (citation omitted) (reviewing arbitration award under Labor Management Relations Act). PES argues that "[t]he same clarity of language that was used in the Award . . . is needed in the judgment that confirms the Award."[13] Indeed, the clarity of the arbitrators' language will be preserved intact when the Court adopts the exact Final Award as the Judgment of the Court without modification or interpretation.

Moreover, while lack of finality is a ground for vacating an award under § 10 of the FAA, a motion to vacate, modify, or correct such an award must be served within three months after the award is filed or delivered. 9 U.S.C. § 12. PES's challenge to the finality of the portions of the Final Award related to the pass-through claims was not served until more than six months after the Final Award issued. PES's finality challenge is therefore barred. *See* Cigna Ins. Co. v. Huddleston, 986 F.2d 1418, at *11 (5th Cir. 1993) (unpublished) ("[T]he failure of a party to move to vacate an arbitral award within the three-month limitations period prescribed by section 12 of the United States Arbitration Act bars him from raising the alleged invalidity of the award as a defense in opposition to a motion brought under section 9 of the [United

---

[13] Document No. 14 at 8.

States Arbitration Act] to confirm the award.") (quoting <u>Cullen v. Paine, Webber, Jackson & Curtis, Inc.</u>, 863 F.2d 851, 854 (11th Cir. 1989) and collecting cases) (affirming district court's refusal to consider untimely defenses); <u>Cyber Imaging Sys., Inc. v. Eyelation, Inc.</u>, No. 5:14-CV-901-BO, 2015 WL 12851390 (E.D.N.C. Nov. 4, 2015) (construing counterclaim for declaratory judgment to clarify meaning of arbitration award as an untimely motion to correct the award).[14]

Finally, to the extent that PES seeks to assert a defense outside those identified in § 10 or § 11, such a defense may not be raised in an answer or counterclaim. See 9 U.S.C. § 9 ("[T]he court must grant [entry of judgment on arbitration award upon timely application] unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title."); <u>Booth v. Hume Pub., Inc.</u>, 902 F.2d 925, 933 (11th Cir. 1990) ("To allow a respondent to assert counterclaims that are beyond the scope of the defenses enumerated in the Act would change the nature of the confirmation proceedings and would defeat the purpose of the

---

[14] PES argues that the procedural rules of the FAA do not apply because the parties did not agree to subject themselves to the FAA, but rather agreed that their arbitration would be governed by the rules of the ICC or the American Arbitration Association and that an award could be confirmed by a federal court. Document No. 14 at 4-5. The FAA, however, is the statute that governs confirmation of an arbitration award in federal court, regardless of what rules the parties adopt for the arbitration itself. See <u>Republic of Argentina v. AWG Grp. LTD.</u>, 894 F.3d 327, 332 (D.C. Cir. 2018) ("The law of the United States governing arbitration is codified in the Federal Arbitration Act.").

Act. Hume does not argue that its counterclaims are within the scope of those defenses allowed by §§ 10 and 11 of the Act. The district court, therefore, correctly struck Hume's counterclaims."); <u>Alstom Power, Inc. v. S & B Eng'rs & Constructors, Ltd.</u>, No. 3:04-CV-2370-L, 2007 WL 1284968, at *4 (N.D. Tex. Apr. 30, 2007) ("[I]f the rules of civil procedure applied, and permitted an answer, a motion for summary judgment, a counterclaim, or other such pleadings in a proceeding to vacate or to confirm an arbitration award, the purpose of avoiding protracted litigation, and costs associated with such litigation, through the arbitration process would be thoroughly frustrated."). Accordingly, it is

ORDERED that PHB's Motion to Strike PES's Pleadings (Document No. 12) is GRANTED and PES's pleadings and memorandum at Document Nos. 7, 8, and 9 are STRICKEN. It is further

ORDERED that PHB Weserhütte S.A.'s Motion to Confirm Arbitration Award (Document No. 1) is GRANTED and the Final Award in ICC Case No. 21950/RD/MK, <u>VOESTALPINE TEXAS LLC AND PHB WESERHÜTTE S.A. AND BILFINGER WESTCON INC. AND PERFORMANCE ENGERY SERVICES, LLC (A QUANTA SERVICES COMPANY)</u>, a copy of which will be attached to the Final Judgment, is in all things CONFIRMED and ADOPTED as the Judgment of this Court.

A Final Judgment with the Arbitration Award will be entered separately.

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED at Houston, Texas, on this 11TH day of November, 2019.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE